## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERONIMO F. ROSADO, JR., | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-3802 |
| | : | |
| THE CITY OF CHESTER COUNTY, | : | |
| PENNSYLVANIA, *et al.*, | : | |
| *Defendant*. | : | |

### <u>MEMORANDUM</u>

**Pappert, J.**                                                    **January 31, 2025**

Geronimo F. Rosado, Jr. initiated this action by filing a *pro se* Complaint alleging that his civil rights were violated when a state court judgment was entered against him, and a writ of possession issued for the residential property he and Lauren Wissman[1] leased from Defendants Andrew and Linda Kurtas. Rosado has also filed a Notice of Removal and motions seeking an emergency hearing and a temporary

---

[1] Although Rosado is the only Plaintiff listed in the caption of the Complaint (*see* ECF No. 1 at 1, 3) and is the only person who signed the Complaint (*see* ECF No. 29), he continually refers to "plaintiffs" throughout his Complaint. (*See* ECF No. 1). To the extent Rosado intended to bring claims on behalf of any others, including Lauren Wissman, he may not do so. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *see also Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)).

restraining order to stay eviction proceedings. For the following reasons, the Court will dismiss his Complaint, remand the eviction matter back to state court, and deny his motions for an emergency hearing and temporary restraining order.

I[2]

Rosado's Complaint is disjointed, making the allegations and claims difficult to discern. Named as Defendants are Andrew and Linda Kurtas (collectively the "Kurtas Defendants"), identified as the property owners for 318 Broad Street, Spring City, Pennsylvania, and their son, Andrew Kurtas, Jr., identified as the property manager. (Compl. (ECF No. 1) at 14-15.) Rosado also names John A. Hipple,[3] a Chester County Magisterial District Judge, the Housing Authority of Chester County ("HACC") and several of its employees,[4] McCright & Associates,[5] and its employees, Stephen Thompson, Christine Jones, and Jean Ravelo. (*Id.* at 9-14.) This case is based primarily on a landlord/tenant action that the Kurtas Defendants filed against Rosado

---

[2] The following allegations are taken from the Complaint and publicly available records of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim). The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Rosado misidentified the surname of Magisterial District Judge John A. Hipple as "Hippie" in the Complaint. For purposes of this Memorandum, the Court will adopt the proper spelling.

[4] Rosado names the following HACC employees: Debra Johnson, identified as the Director of Administration; Brenda Gomez, Director of HCVP; Tyrone Wallace, Financial Officer; Tanja Van Den Tol, Director of Public Housing and Repositioning; Felicia Molina, HCV Staff Report; Noemi Villalva, Leasing Coordinator; Paul Diggs, MPA, Executive Director and CEO; Brian H. Leinhauser, Attorney; and Brian Conley, Attorney. (Compl. at 9-12.)

[5] According to its website, McCright & Associates works with public housing agencies across the United States conducting inspections and managing more than 150,000 Housing Choice Vouchers. *See* McCright & Associates, https://mccright.com/About-McCright (last visited Jan. 30, 2025).

2

and Wissman in state court that resulted in their eviction on August 6, 2024. *See Kurtas v. Rosado*, MJ-15301-LT-0000094-2024 (Chester Cnty.)

Rosado avers that he is a participant of the Housing Choice Voucher Program ("HCVP") through Chester County.[6] (Compl. at 3.) On February 1, 2024, Rosado and Wissman entered into a lease agreement "pursuant to HAP. Terms. And Conditions. Voucher program" with the Kurtas Defendants.[7] (*Id.* at 16.) The lease agreement was for a second-floor apartment at 318 Broad Street. (*See* Compl. Exhibits (ECF No. 2) at 54.) HACC employees Van Den Dol, Villalva, and Gomez, allegedly "in conspiracy with" fellow HACC employees, Johnson, Molina, Wallace, Diggs, and Leinhauser, approved the lease agreement on February 1, 2024. (*Id.* at 16.) Rosado claims that Thompson, a McCright & Associates employee, "falsified the HAP. Inspections Compliance Certification" in conspiracy with the Kurtas Defendants on January 30, 2024, before the lease agreement was signed by all parties.[8] (*Id.* at 17.) Rosado contends that the lease agreement was a "complete deprivation of [his] civil rights," and alleges that the

---

[6] The HCVP provides eligible persons an opportunity to live in private sector housing. HACC vouchers assist families by providing funds to meet a portion of the rental costs of a lease with a private landlord. *See* Housing Choice Voucher Program (Section 8), Housing Authority of Chester County, https://www.haccnet.org/HCVP.php (last visited Jan. 30, 2025).

[7] It appears that by using the term "HAP," Rosado may be referring to a Housing Assistance Payments Contract ("HAP Contract"). The HAP Contract is used to provide Section 8 tenant-based assistance under the HCVP of the U.S. Department of Housing and Urban Development. *See* 24 C.F.R. § 982.451.

[8] It appears that Rosado is referring to the initial inspection that must be conducted before a HAP contract is signed. The Public Housing Authority, in this case, the HACC, must inspect the unit leased to a family prior to the initial lease term to determine if the unit meets housing quality standards. *See* 24 C.F.R. § 982.405.

Defendants[9] sent him, Wissman, and their children "to a Section. 8. Bait House" located at 318 Broad Street "with the intent to carry out both deceptive and deceitful practices" and "defraud plaintiffs. of their voucher program." (*Id.* at 16.)

In March 2024, the Kurtas Defendants notified Rosado that he was in violation of the lease, citing property damage to the first-floor apartment. (*Id.* at 17.) Rosado acknowledges in the Complaint that his daughter spilled a bucket of water on March 3, 2024, and he also says that on March 5, 2024, Wissman was washing dishes and there was no caulk around the sink or base of the countertop. (*Id.*) He contends the "defendants" refused his offer to "fix it." (*Id.*) Rosado further alleges that although the lease agreement included laundry amenities, he was not permitted to access the laundry room on the first floor, so he purchased a "portable washer and dryer" for use in his apartment. (*Id.* at 18.) On April 11, 2024, the washer "exploded" and "water soaked through the Raw floors., through the Wall floorboards., and into Bed-Room-1. And Into the Raw hallway floors." (*Id.*) On April 26, 2024, the drain hose from the washer "pop[ped] out the sink," causing water to soak "through the Kitchen floorboards., and into Bed-Room-1. And Into the Raw Hallway floors., and into the 1st floor unit." (*Id.* at 20.) On April 26, 2024, the Kurtas Defendants called the police, telling the responding officer that Rosado was "intentionally causing property damage." (*Id.*)

---

[9] Rosado uses the term "Defendants" throughout his Complaint, and it is not always clear to whom he is referring.

Public dockets indicate that the Kurtas Defendants initiated an eviction proceeding against Rosado and Wissman on May 8, 2024.[10]  *See Kurtas v. Rosado*, MJ-15301-LT-0000094-2024 (Chester Cnty.); *see also* Compl. Exhibits at 54.  The Landlord/Tenant Complaint sought $12,000 for injury to real property and alleged that Rosado and Wissman had breached the conditions of the lease by "destruction" of the first and second floor apartments and by "tampering with the first-floor mail" and causing domestic disturbances, which necessitated the involvement of the Spring City Police Department.  *See* Compl. Exhibits at 54, 57.  A hearing was held before Judge Hipple on July 9, 2024, and judgment was entered against Rosado and Wissman on July 12, 2024.  *See Kurtas v. Rosado*, MJ-15301-LT-0000094-2024.  It appears that Rosado did not file a timely appeal.  *See* Compl. Exhibits at 75.  An Order for Possession was requested and issued by Judge Hipple on July 23, 2024.  *See Kurtas v. Rosado*, MJ-15301-LT-0000094-2024; *see also* Compl. Exhibits at 72-73.  Rosado and Wissman were served with the Order for Possession on July 24, 2024 and notified to vacate the premises by August 6, 2024.  *Id.*

Rosado filed this lawsuit on August 6, 2024, contending that he was deprived of his rights during the July 9, 2024 hearing, and that Judge Hipple issued an unlawful order on July 12, 2024.  (Compl. at 7-8.)  Specifically, Rosado asserts that Judge Hipple "acted outside his judicial capacity" in violation of the Federal Magistrates Act, 28 U.S.C. § 636(c)(1),[11] and that Judge Hipple lacked consent and subject matter

---

[10] On May 28, 2024, Rosado and Wissman filed a cross complaint against the Kurtas Defendants.  *See Rosado v. Kurtas*, MJ-15301-LT-0000140-2024 (Chester Cnty.)  The docket reflects that judgment was entered in favor of the Kurtas Defendants on July 12, 2024.  *Id.*
[11] The Federal Magistrates Act of 1968, codified at 28 U.S.C. § 636, established the role of United States Magistrate Judges in the federal court system.  *See* Federal Judiciary Center, Magistrate Judgeships, https://www.fjc.gov/history/judges/magistrate-judgeships (last

jurisdiction to proceed in *Kurtas v. Rosado*, MJ-15301-LT-0000094-2024. (*Id.* at 4-5.)
Rosado alleges "malicious prosecution, abuse of process, Defamation, False
Imprisonment, Tortious Interference, Conversation, Breach of Contract, Fraud,
Intentional Infliction of Emotional Distress, Negligence, and Gross Negligence, Mail
Fraud, and Fraud and Bribery, and Extortion, Wire fraud." (*Id.* at 4.) He also avers
that Judge Hipple conspired with the HACC and all other named Defendants to violate
the "HAP. Federal. Voucher. Program. Pursuant to 24. CFR. 982.306" and "defraud
[Rosado] of the Federal Housing Act . . . and Federal voucher program." (*Id.* at 7, 9-12.)

Rosado further contends that the Kurtas Defendants misrepresented the
property, falsified the "Landlord compliance Certification to be eligible for the voucher
program," and falsely claimed property damages to establish that Rosado was in
violation of the lease agreement. (*Id.* at 14-15, 18, 20.) He avers that McCright &
Associates, and its employees, falsified the "HAP. Inspections Compliance Certification"
on January 30, 2024, even though the property at issue fell below applicable housing
quality standards. (*Id.* at 13-14.) Rosado also asserts that the HACC Defendants
retaliated against him in conspiracy with all other Defendants "with the intent to
defraud" him of the voucher program. (*Id.* at 15-17.) Rosado seeks $ 5.5 million in
monetary damages. (*Id.* at 3.)

In addition to the Complaint, Rosado filed the following pleadings: a Motion and
Notice to Remove Case from State Court (ECF No. 3); an Emergency Petition to

---

visited January 30, 2025). This Act is not applicable to Judge Hipple, who is a Magisterial
District Judge in Chester County, Pennsylvania. Magisterial District Judges are part of
the unified judicial system of the Commonwealth of Pennsylvania and are governed by the
Pennsylvania Rules of Court as promulgated by the Pennsylvania Supreme Court. *See*
Chester County, Pennsylvania, https://www.chesco.org/1554/Overview (last visited January
30, 2025).

Intervene and for Temporary Restraining Order to Enjoin Unlawful Eviction (ECF Nos. 5 & 10); and a Motion for Emergency Hearing (ECF Nos. 6 & 11). The Court will address these pleadings below.

II

Since Rosado is proceeding *in forma pauperis* (ECF No. 31), 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim for relief. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. Aug. 15, 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Rosado is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se

7

litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.*
(quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural
rules — they must abide by the same rules that apply to all other litigants.'" *Id.*; *see
also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir.
Feb. 1, 2024) ("While a court must liberally construe the allegations and "apply the
applicable law, irrespective of whether the pro se litigant mentioned it be name,"
*Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act
as an advocate to identify any possible claim that the facts alleged could potentially
support.").

Additionally, the Court must dismiss the matter if it determines that the
Complaint fails to set forth a proper basis for this Court's subject matter jurisdiction.
*See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-
matter jurisdiction, the court must dismiss the action."); *Group Against Smog and
Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that
"an objection to subject matter jurisdiction may be raised at any time [and] a court may
raise jurisdictional issues *sua sponte*").

### III

Rosado seeks millions of dollars in monetary damages, alleging that he was
deprived of his rights during state court proceedings and that Magisterial District
Judge Hipple lacked consent and subject matter jurisdiction to issue the July 12, 2024
judgment and subsequent writ of possession, which led to Rosado's unlawful eviction.
(*See* Compl. at 4-5, 7-8.) Rosado further alleges that all the Defendants conspired

together to deprive him of the "Federal voucher program."[12] (*Id.* at 7, 9-12, 15-17.) The Court lacks jurisdiction over his claims.

Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Worthless Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). "[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.*

Here, Rosado seeks review and rejection of an adverse state-court judgment that resulted in his eviction and that became final prior to the filing of his Complaint in this case. *See Kurtas v. Rosado*, MJ-15301-LT-0000094-2024. First, the state court ruled against Rosado by entering the judgment against him on July 12, 2024 and

---

[12] Rosado also mentions the FHA, ADA, the Due Process Clause, various HUD regulations, and claims sounding in state tort and/or contract law. (*See, e.g.,* Compl. at 1-4, 6-8.) Such passing references are not sufficient to raise claims under these principles. *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018). In any event, the Complaint does not allege any factual basis for these claims so the Court need not address them further.

subsequently issuing a writ of possession on July 23, 2024 for the property he leased. Second, the injuries for which Rosado seeks to recover in this case were caused by the state court judgment and execution of the writ of possession. Third, the writ of possession was entered prior to the commencement of this case, which was filed on August 6, 2024. Fourth, ruling in favor of Rosado would require the Court to effectively void the decision of the Pennsylvania courts.

Accordingly, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to review Rosado's claims. *See Nelson v. United States Corp.*, No. 21-2807, 2023 WL 8701297, at *3 (E.D. Pa. Dec. 15, 2023) ("Courts have routinely held that federal actions challenging ejection proceedings or foreclosure actions in state court, including the enforcement of a writ of possession issued by a state court, are barred by the *Rooker-Feldman* doctrine.") (collecting cases); *see also Kuznicki v. Nat'l Church Residences of Penn Hills, PA*, No. 23-2143, 2024 WL 129842, at *3 (W.D. Pa. Jan. 11, 2024) ("[T]he Court . . . cannot directly or indirectly review, negate, void or provide relief that would invalidate the judgment of eviction."); *Banning v. Wells Fargo Bank, N.A.*, No. 23-0763, 2024 WL 21519, at *2 (D. Del. Jan. 2, 2024) (finding *Rooker-Feldman* doctrine barred plaintiff's claims challenging state court foreclosure action and eviction judgment that granted writ of possession); *Pittman v. Viamonte Invs. Grp., LLC*, 855 F. App'x 292, 295 (7th Cir. 2021) ("[T]here is no federal subject-matter jurisdiction over Pittman's claims for injuries caused by the state court judgment in the eviction proceedings. This covers the majority of his claims because it was the state court that caused his primary injury: the eviction and its collateral effects." (citations omitted)); *Coppedge v. Deutsche Bank Nat. Tr.*, 511 F. App'x 130, 131 (3d Cir. 2013) (affirming abstention under, *inter alia*,

10

*Rooker-Feldman* where plaintiff asked district court to enjoin and review state court proceedings concerning a writ of possession).  Rosado's case, which is predicated on the harm caused to him by the state court's judgment, will be dismissed for lack of jurisdiction.

IV

On the same date Rosado filed his Complaint, he also filed a Motion and Notice to Remove Case from State Court ("Removal Mot.") (*see* ECF No. 3), an Emergency Petition to Intervene and for Temporary Restraining Order to Enjoin Unlawful Eviction ("TRO Mot.") (*see* ECF Nos. 5 & 10); and a Motion for Emergency Hearing (*see* ECF Nos. 6 & 11).[13]

A

In the motion for removal, Rosado refers to several state court cases, requesting removal because he has been "prejudiced, denied procedural due process" and subjected to retaliation and a "false eviction."  (Removal Mot. at 1.)  He claims the cases involve fraud and bribery and  "Require[] Federal Jurisdiction" because he has been prejudiced as a result of the "Magistrate Judge['s] unlawful order."  (*Id.* at 3.)  Pursuant to 28 U.S.C. § 1441(a), a defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'"  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)).  "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented

---

[13] The motions for temporary restraining order and emergency hearing were filed twice, on August 6, 2024 and August 12, 2024.  The motions are virtually identical, reflecting only a change in their captions.

on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted).  Accordingly, the existence of federal defenses to a complaint generally does not support removal under § 1441 and § 1331.  *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).

Pursuant to § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  "The party asserting jurisdiction [to remove a case] bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).  "The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal." *Id.*  Further, the Court "has a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction if it is in question." *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002).

Based on a thorough review of the state court docket and the documents Rosado submitted, this Court lacks jurisdiction over the state court landlord/tenant proceedings.  While Rosado asserts that the state courts have violated his constitutional rights in the conducting the proceedings, this asserts at best a federal defense to the landlord/tenant proceedings and there is no basis to conclude that a federal question is presented on the face of the state court complaints.  And Rosado cannot demonstrate that the parties to the state court actions are of diverse citizenship.  The cases belong in the Chester County Court of Common Pleas.

B

Rosado requests a temporary restraining order to "enjoin" the "unlawful eviction that was executed on July 12, 2024." (TRO Mot. at 2.)  He reasserts several allegations

made in the Complaint, alleging that the "voucher program [was] weaponized without due process of law" during the eviction proceedings, and he was "unlawfully retaliated against." (*Id.* at 3-4.) Rosado also reiterates that Judge Hipple lacked consent and jurisdiction. (*Id.* at 5.) A temporary restraining order "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). At a minimum, a plaintiff seeking a temporary restraining order must show that he is likely to succeed on the merits of his claims. *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019); *see also Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). As set forth in this Memorandum, there is no likelihood that Rosado will succeed on the merits of his claims.

In addition, Rosado's request that the Court enjoin or stay his state court eviction proceedings is barred by the Anti-Injunction Act. *See* 28 U.S.C. § 2283. The Anti-Injunction Act "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283)). "The Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions,'"

which are to be construed narrowly.[14] *Id.* (quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).  Courts in the Third Circuit have consistently held that "[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *McMillan v. Nationstar Mortg. Co.*, No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (citing cases); *Frankel v. Guzman*, No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) (rejecting emergency request to enjoin eviction proceedings and noting weight of authority in Third Circuit to support holding); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No. 14-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti-Injunction Act prohibits this Court from taking such action."); *Frankel v. Kessler*, No. 21-0093, 2021 WL 229321, at *5 (E.D. Pa. Jan. 22, 2021) (dismissing complaint on screening and denying temporary restraining order where claims related to state court eviction proceeding were barred by Anti-Injunction Act).  Accordingly, Rosado's requests for an emergency hearing and a temporary restraining order will be denied.

V

For the foregoing reasons, the Court will dismiss Rosado's Complaint for lack of jurisdiction.  Because the Court concludes that amendment would be futile, Rosado will not be given leave to file an amended complaint.  *See Grayson v. Mayview State Hosp.*,

---

[14] The three exceptions to Anti- Injunction Act are not applicable here.  They permit injunctions to have the effect of staying state court proceedings when (1) expressly authorized by Congress; (2) where necessary in aid of its jurisdiction; and (3) to protect or effectuate its judgments. *In re Prudential Ins. Co.*, 314 F.3d at 103.

293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.")  The state court actions will be remanded for lack of subject matter jurisdiction. Rosado's requests for an emergency hearing and a temporary restraining order will also be denied.  An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

**_/s/ Gerald J. Pappert_**
**Gerald J. Pappert, J.**
